By the Court.
All the provisions of a contract must be' construed ■ together in determining the meaning and intention of any particular 'clause or provision therein. The provisions in a surety, bond, .in reference to the employer’s statement in the ap *337 plication for the bond, that “The above and foregoing statements and representations are made-for the purpose of inducing the United States Fidelity & Guaranty Company to execute this bond,” and “It is agreed that the above answers are to be taken as conditions precedent and. as a basis of said bond applied for or any renewal or continuation of the same that may be issued by The United States Fidelity & Guaranty Company to the undersigned upon the person above named,” and the further provision that “If the employer’s written statement heretofore referred to shall be found in any respects untrue this bond shall be void,” must be construed in connection with a later provision of the bond that “This bond is issued on the express understanding that the employe has not within the knowledge of the employer at any former period been a defaulter.”
In view of this provision of the bond following the provisions first quoted, it appears that it was the intention of the parties, clearly expressed in this clause, that where the default-of the employe at any former period is not within the knowledge of the employer, and that the questions answered are- truthfully answered so far as his knowledge is concerned, the fact that such employe at a former period had been a defaulter would be no defense to a suit upon the bond, unless it further appears that such statements were intentionally false or were recklessly or negligently made without any reasonable grounds on the part of the employer to believe that said statements were true, and without reasonable effort on his part to make use of the means at hand to discover the truth or falsity of the statements.
*338 This provision of the bond pleaded in the amendment to the reply distinguishes this case from the case of Livingston & Taft, Trustees, v. Fidelity & Deposit Co., 76 Ohio St., 253.
Judgment of the common pleas court sustaining demurrer to reply and amendment thereto and the judgment of the circuit court affirming the judgment of the common pleas court are reversed, and cause remanded to the common pleas court with directions to overrule the demurrer to the reply and amendment thereto.

Judgments reversed.

Johnson, Donahue, Wanamaker, Newman and Wilicin, JJ., concur.